**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:06-CV-46**

| | |
|---|---|
| **PATRICIA V. WEST,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **MEMORANDUM AND ORDER** |
| ) | |
| **JOANNE B. BARNHART,** ) | |
| **Commissioner,** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

_____

**THIS MATTER** is before the Court on the parties' cross motions for summary

judgment. (Documents #11, #13).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of designation, this

Court referred the aforesaid motion to United States Magistrate Judge Carl Horn, III for

recommended disposition. In an opinion filed November 27, 2006, the Magistrate Judge

recommended that Defendant's (hereinafter the "Commissioner") motion be granted and

the decision of the Commissioner be affirmed. (Document #16). Plaintiff filed Objections

to the Memorandum and Recommendation of the Magistrate Judge on December 5, 2006.

(Document #18). On December 20, 2006, the Commissioner filed a Response to Plaintiff's

Objections. (Document #21). Plaintiffs objections are deemed to be timely and the

specific objections raised by Plaintiff are considered herein.

## I. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a *de novo*

determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983); <u>Keeler v. Pea</u>, 782 F.Supp. 42, 43 (D.S.C. 1992). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, the statute does not on its face require any review of all of the issues that are not the subject of an objection. <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Camby</u>, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case. Accordingly, the Court has conducted a careful review of the Magistrate Judge's "Memorandum and Recommendation" as well as a *de novo* review of those issues specifically raised in Plaintiff's objections.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

Neither party has filed specific objections to the factual findings of the Magistrate Judge. Therefore, the Court adopts the facts and procedural history as set forth by the Magistrate Judge and hereby incorporates them by reference. (M & R at 1-9).

---

[1]The Court notes that its review of the Commissioner's decision is limited to (1) whether substantial evidence supports the Commissioner's decision, <u>Richardson v. Perales</u>, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).

### III.  DISCUSSION

**A.    Magistrate Judge Properly Considered Plaintiff's Alleged Errors of Law**

Plaintiff contends that three errors of law "contaminating the decision of the Administrative Law Judge" were made and improperly addressed.  (Plaintiff's Obj. at 1). First, Plaintiff argues that she did not receive effective assistance of counsel at her administrative hearing; second, the Administrative Law Judge ("ALJ") committed legal error in her use of testimony offered by the vocational expert present at Plaintiff's administrative hearing; and third, the ALJ committed legal error by not employing a medical adviser to determine the onset and intensity of her non-traumatic impairments.  (Id. at 1-2).  The Court will now address each of these allegations separately.


### 1.    Ineffective Counsel

Plaintiff alleges that she did not receive effective assistance of counsel during her administrative hearing and the ALJ failed to address such alleged error of law.  (Id. at 1). Plaintiff had the right to appoint a representative in her appeal to the Social Security Administration.  20 C.F.R. § 404.1705 (2006).  Once Plaintiff appointed a representative, her counsel was required to abide by 20 C.F.R. § 404.1740, rules of conduct and standards of responsibility for representatives.  For her objections to the Magistrate Judge's findings, Plaintiff has provided no evidence or convincing legal argument which support her assertion that her representative was ineffective and therefore in violation of 20 C.F.R. § 404.1740.  (Plaintiff's Obj. at 2).  Instead, Plaintiff simply states that the Magistrate Judge "failed to address" her argument.  (Id.).  Plaintiff then devotes the

remainder of her objection to contesting the Magistrate Judge's application of the standard used in his recommendation.  (Id.).

In U.S. v. Midgette, the Fourth Circuit held that "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  478 F.3d 616, 622 (4th Cir. 2007); See also Page v. Lee, 337 F.3d 411, 416 (4th Cir. 2003) (remarking that a failure to object to a magistrate judge's recommendation with sufficient specificity waves any appellate review).   Although Midgette concerns a criminal proceeding related to the illegal possession of firearms, the Fourth Circuit specifically held that an objection to a Magistrate Judge's recommendation must contain a certain degree of specificity.  Midgette, 478 F.3d at 622.  Consequently, by not including anything more than an assertion that the Magistrate Judge failed to consider her argument that she received ineffective assistance of counsel, Plaintiff's objection lacks the specificity required for a *de novo* review of the Magistrate Judge's recommendation and has no merit.[2]

## 2.    Use of Vocational Expert

Plaintiff also alleges that the ALJ committed legal error in her use of testimony offered by the vocational expert present at Plaintiff's administrative hearing.  (Plaintiff's Obj. at 1-2).   Again, Plaintiff has provided the Court with nothing more than conclusory

---

[2]Even if Plaintiff's objection had been sufficiently specific, the Court agrees with the Magistrate Judge's finding that Plaintiff's argument is "essentially an appeal of the ALJ's alleged failure to fully develop the record."  (M & R at 12).  The ALJ conducted a thorough inquiry into Plaintiff's ailments and their impact on her ability to work.  (R. at 43-52, 54-62, 67-68, 70).
The Court finds that the ALJ's findings were therefore based on a well developed record.

allegations without any factual support.  (Id.).  In her brief to the Court, Plaintiff merely states her allegation and then discusses the standard of review used by the Magistrate Judge as support for her argument.  (Id.).  This objection lacks the specificity required for a *de novo* review of the Magistrate Judge's recommendation.  See Midgette, 478 F.3d at 622.  Consequently, Plaintiff's objection to the Magistrate Judge's recommendation is without merit.

### 3.    Use of Medical Advisor

Finally, Plaintiff alleges that the ALJ committed legal error by not employing a medical adviser to determine the onset and intensity of Plaintiff's non-traumatic impairments.  (Plaintiff's Obj. at 2).  Specifically, Plaintiff contends that the ALJ committed an "unwarranted crediting" of the  "non-examining consultative evaluators."  (Id.).  In addition, Plaintiff avers that the Magistrate improperly cited as authoritative the recommendations of a consultative physician over the findings of Plaintiff's physicians, which the Magistrate later found unpersuasive.  (Id.).

The ALJ serves as a fact finder in a case and has the responsibility of "look[ing] fully into the issues."  20 C.F.R. § 404.944.  If additional information is needed, an ALJ has the discretion of ordering a consultative examination.  20 C.F.R. § 404.1519(a)(1).  The consultative examination shall be ordered when there is insufficient information to "support a decision on a claim."  20 C.F.R. § 404.1519(b).  A consultative examination (medical advisor) is not required if the ALJ possesses a medical chronology or additional supportive evidence of Plaintiff's condition.  See Bailey v. Chater, 68 F.3d 75, 79 (4th Cir. 1995)

(holding that an ALJ is required to consult a medical advisor where the onset of the patient's disability is in question). The opinions of non-examining physicians can be relied upon as long as they do not "serve as the substantial evidence supporting a denying of disability" and are "consistent with the record." Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); See also Kyle v. Cohen, 449 F.2d 489, 492 (4th Cir. 1971) (stating that the testimony of a non-examining physician can be relied upon when consistent with the record).

The opinions of the non-examining consultative evaluators present in this case were not the only opinions considered by the ALJ to support a finding of no disability. (R. at 15-32). The ALJ completed her own series of questions and considered the opinions of both the examining and non-examining physicians in reaching the decision of no disability. (Id.). The Court notes that the ALJ's finding of no disability was "consistent with the record" completed by Plaintiff's examining and non-examining physicians. (R. at 161-301). As a result, the opinions of the non-examining physicians did not serve as the "substantial evidence" in the ALJ's decision to deny disability. Schweiker, 795 F.2d at 345.

Moreover, there is conflicting evidence as to whether or not Plaintiff was disabled. (R. at 161-301). When there is conflicting evidence as to whether an individual is disabled, "the responsibility for that decision falls on the Secretary, or Secretary's designate, the ALJ." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Walker v. Bowen, 843 F.2d 635, 640 (7th Cir. 1987)). The ALJ considered both sides of the conflicting evidence and subsequently found Plaintiff to be not disabled. (R. at 15-32).

The determination of the onset of a disability and as a consequence, the need for a consultative advisor is not required if the patient is found to be not disabled. See, e.g.,

Bailey, 68 F.3d at 79; Soc. Sec. Rul. 83-20. Accordingly, since the ALJ's finding that Plaintiff is not disabled is correct, Plaintiff's contention that the ALJ committed legal error by not employing a medical adviser to determine the onset and intensity of her non-traumatic impairments is moot and without merit. As a result, the Court agrees with the ALJ's finding that Plaintiff is not disabled.

### B.    Administrative Law Judge Properly Concluded Plaintiff's Depression and Thyroid Condition Were Not Severe

Plaintiff alleges that the ALJ erred in finding that Plaintiff's depression and thyroid condition were non-severe. (Plaintiff's Obj. at 3). Plaintiff contends that the ALJ "simply ignored Plaintiff's hyperthyroidism" and "wholly failed to evaluate its impact on Plaintiff." (Plaintiff's Memorandum in Support of MSJ at 36).

The ALJ noted in her finding that in 2003, Plaintiff's thyroid condition was treated and controlled within twelve months of its onset by physicians at Wake Forest University Baptist Medical Center. (R. at 23). In addition, the Court notes that the medical report of Doctor Marchese dated June 27, 2003 indicates Plaintiff's thyroid condition as being "in the recovery phase" and "show[s] little evidence of [hyperthyroidism]." (R. at 274). A physical condition that can be "reasonably controlled by medication or treatment" is not disabling. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). Furthermore, for a finding of severity, the thyroid condition "must have lasted or be expected to last for a continuous period of at least twelve-months." 20 C.F.R. § 404.1509. Based upon the evidence and expert testimony considered by the ALJ, Plaintiff's thyroid condition was "reasonably controlled by medication or treatment," and did not last for the necessary time period of

twelve months or greater.  Consequently, the Court agrees with the ALJ in her finding that Plaintiff's thyroid condition was non-severe.

Plaintiff also contends that the ALJ failed "to consider the impact on work related function[s]" Plaintiff's mental impairments imposed prior to December 31, 2003." (Plaintiff's Obj. at 7).  However, the ALJ specifically noted that "there is no documentation of any treatment for depression or any other mental impairment prior to December 31, 2003," Plaintiff's last date insured.  (R. at 20).  Plaintiff correctly asserts that the ALJ's finding of substantial evidence may be called into question.  (Plaintiff's Obj. at 6).  However, the Fourth Circuit has defined the presence of substantial evidence to be "evidence which a reasonable mind would accept as convincing to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that there was substantial evidence to support the finding that plaintiff could perform light work).

The ALJ found that the only evidence of Plaintiff's depression prior to December 31, 2003 was a consultative psychiatric evaluation performed on August 2, 2003.  (R. at 20).  During this examination, Plaintiff informed the psychiatrist that she felt "moderately depressed" and the psychiatrist noted that Plaintiff's depression caused "only mild restriction of activities of daily living" and found her depression to be "non-severe."  (Id.).  Following Hays, the Court, based on Plaintiff's psychiatric assessment and her ability to perform daily activities, finds that the ALJ's analysis was consistent with both Social Security Regulations and Forth Circuit precedent.  See 20 C.F.R. § 404.1529; Craig v. Chater, 76 F.3d 585, 591-596 (4th Cir. 1996); Mickles, 29 F.3d at 922-930.  Consequently, this Court agrees with the ALJ in her finding that Plaintiff's depression was non-severe.

**C.     Administrative Law Judge Properly Applied The Testimony of the Vocational Expert**

Plaintiff alleges that the "hypothetical questioning by the ALJ was flawed, and the testimony of the vocational expert [was] nonsensical and [did] not constitute substantial evidence." (Plaintiff's Obj. at 7). Plaintiff also contends that the ALJ erroneously adopted the vocational expert's conclusion that all of the jobs the vocational expert testified would be available to Plaintiff were in fact, available. (Id. at 10). However, Plaintiff failed to raise these arguments in her initial brief. (Plaintiff's Memorandum in Support of MSJ). Although Plaintiff's initial brief does present a one sentence allegation addressing the vocational expert's testimony as "inconsistent" and not "substantial evidence," she fails to address the issue of the ALJ's alleged erroneous reliance on the vocational expert's testimony. (Id. at 43). An appellant has waived the right to raise an issue on appeal when she did not refer to the issue in her initial brief. Canady v. Crestar Mortg. Corp., 109 F.3d 969, 973-974 (4th Cir. 1997); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (remarking that an appellant has abandoned the right to appeal if the issue was not raised in the appellant's opening brief; Fed. R. App. P. 28(a)(9)(A)(2006). Accordingly, Plaintiff is not entitled to a *de novo* review by the Court concerning an issue she failed to raise in her initial brief. See, e.g., In re Coleman, 426 F.3d 719, 724-725, 729 (4th Cir. 2005) (remarking that in conducting a *de novo* review, the district court correctly asserted that the appellant is not permitted to raise an issue on appeal it failed to include in its initial brief); Borden v. Sec'y of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). Therefore, Plaintiff's assertion that the ALJ improperly applied the testimony of the vocational expert is unavailing.

## IV. ORDER

Having conducted a *de novo* review of the points specifically objected to by Plaintiff in the Magistrate Judge's "Memorandum and Recommendation," and a careful review of all other aspects of said recommendation, the Court concurs with the findings of fact and conclusions of law specified in the Magistrate Judge's "Memorandum and Recommendation" filed November 27, 2006, and hereby incorporates those findings and conclusions to the extent they are consistent with the findings of this Order. The Court hereby <u>grants</u> the Commissioner's motion for summary judgment and <u>denies</u> Plaintiff's motion for summary judgment. Accordingly, the Commissioner's decision denying benefits shall be <u>affirmed</u>.

**IT IS THEREFORE ORDERED** that the Commissioner's Motion for Summary Judgment is hereby **GRANTED** and Plaintiff's Motion for Summary Judgment is hereby **DENIED**.

Signed: February 27, 2008

Richard L. Voorhees
United States District Judge